In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 20-1824

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM R. HIBLE,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 10-cr-20015-JES-DGB — **James E. Shadid**, *Judge.*

---

No. 20-2421

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MATTHEW A. TURNER,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 07-40084 — **Michael M. Mihm**, *Judge.*

---

SUBMITTED SEPTEMBER 2, 2021 — DECIDED SEPTEMBER 14, 2021

_____

Before EASTERBROOK, WOOD, and BRENNAN, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. We have consolidated two appeals that present a common question: whether a motion to reconsider a decision under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, suspends the decision's finality and thus extends the time for appeal. In each case the prisoner seeking a shorter sentence filed, within the time allowed for appeal, a motion asking the district judge to reconsider an adverse decision. In each case the judge denied that motion, and the prisoner appealed. Each notice of appeal was filed within 14 days of the decision on the motion to reconsider but more than 14 days after the original decision. The United States has asked us to dismiss both appeals, contending that a motion to reconsider does not affect the time for appeal.

This question has arisen before but was resolved in an order. The majority in *United States v. Rutherford*, No. 19-3012 (7th Cir. June 23, 2020) (nonprecedential disposition), concluded that a motion to reconsider suspends the decision's finality. Circuit Judge Barrett (as she then was) dissented, concluding that Fed. R. Crim. P. 35 provides the only means to review a sentencing decision. As Fed. R. App. P. 4(b)(5) specifies that a motion under Rule 35 does not affect the time for appeal, an appeal following the denial of reconsideration often will be untimely. The United States asks us to follow Justice Barrett's approach. But we think that the majority got this right and publish this opinion to settle the law of the circuit.

The Federal Rules of Criminal Procedure lack any parallel to the omnibus motions to reconsider authorized by Fed. R.

Civ. P. 59. Still, the Supreme Court has held repeatedly that motions to reconsider in criminal cases extend the time for appeal. See, e.g., *United States v. Healy*, 376 U.S. 75 (1964); *United States v. Dieter*, 429 U.S. 6 (1976); *United States v. Ibarra*, 502 U.S. 1 (1991). We recapped the effects of those cases in *United States v. Rollins*, 607 F.3d 500 (7th Cir. 2010), concluding that they stand for a rule that all motions to reconsider appealable orders in criminal cases extend the time for appeal until they have been resolved by the district court.

In one circumstance, however, legislation limits reconsideration. The Sentencing Reform Act of 1984 moved toward a system of determinate sentences by foreclosing many opportunities for revision after a sentence has been imposed. Once a district judge has sentenced a defendant, the judge may "modify a term of imprisonment" only to the extent allowed by retroactive legislation, retroactive changes in the Sentencing Guidelines, a motion for compassionate release, or motion under Criminal Rule 35 or 36. See 18 U.S.C. §3582(c)(1)(B). Immediately after sentencing, only Rules 35 and 36 offer any prospect of modification by the district judge. Rule 36 is limited to the correction of clerical errors and is irrelevant in most situations, while modification under Rule 35 is subject to strict deadlines—and a motion under Rule 35 does not affect the time for appeal. This is why we held in *United States v. Townsend*, 762 F.3d 641 (7th Cir. 2014), that a motion for reconsideration after sentencing does not add time for appeal. Such a motion can't rest on anything other than Rule 35, and Rule 4(b)(5) does the rest of the work. Common-law doctrines such as the one in *Healy* and its successors do not survive rules adopted under the Rules Enabling Act.

The prosecutor wants us to stop with this observation. Yet our two prisoners are not appealing from the *imposition* of their sentences. They invoke the First Step Act, which authorizes *reduction* of a sentence long after the time allowed by Rule 35. Any prisoner serving a sentence for a covered crack-cocaine offense is entitled to ask a judge to treat him as if the Fair Sentencing Act of 2010 had been in force on the date of his original sentence. *Terry v. United States*, 141 S. Ct. 1858 (2021), describes how this works. The First Step Act's authorization to reduce a prisoner's sentence is external to Rule 35, so the provision in Rule 4(b)(5) about the effect of motions under Rule 35 does not affect requests to reconsider. *Townsend* thus does not require the dismissal of appeals about decisions under the First Step Act—or, for that matter, other retroactive statutes or changes to the Sentencing Guidelines.

One can reach this conclusion by a different route as well. The prosecutor wants us to treat a decision under the First Step Act as equivalent to original sentencing, which would force all requests for reconsideration into Rules 35 and 36. Yet the Supreme Court held in *Dillon v. United States*, 560 U.S. 817 (2010), that resolution of a motion under a retroactive guideline is not a form of full sentencing, and as a result the procedures applicable to initial sentences do not govern. We have applied *Dillon* to rulings on motions for compassionate release, another of the situations in which §3582 permits sentence reduction outside the scope of Rule 35. See *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). It is hard to see any reason for treating rulings on retroactive statutes differently from rulings on retroactive guidelines or motions for compassionate release. None of these involves full sentencing, so requests for reconsideration are not limited by Rule 35, which

deals only with motions made soon after "the oral announcement of the sentence."

We have not found any precedential appellate opinion addressing the effect of motions to reconsider decisions under the First Step Act. But several circuits have held or assumed that motions to reconsider decisions about the effect of retroactive guidelines or compassionate release defer the time for appeal. See *United States v. Ridl*, 26 F.3d 73, 74 (8th Cir. 1994); *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012); *United States v. McCoy*, 981 F.3d 271, 277 (4th Cir. 2020); contra, *United States v. Brown*, 817 F.3d 486, 489 (6th Cir. 2016). *Brown* did not rely on Rule 4(b)(5) but instead pointed to Rule 4(b)(3), which lists motions that extend the time for appeal. *Brown* assumed that no other motions in criminal cases can do so. It did not mention *Healy*, *Dieter*, or *Ibarra*, which the parties apparently did not call to its attention, and which hold that Rule 4(b)(3)'s list of time-extending motions is not exclusive. For that reason *Brown* does not persuade us.

We recognize that the First Step Act forbids motions for relief "if a previous motion made under this section to reduce the sentence was … denied after a complete review of the motion on the merits." Section 404(c) of the Act, 132 Stat. 5222. If a motion to reconsider is treated as a forbidden successive motion, then it falls outside the norm of *Healy* and successors just as motions governed by Rule 35 do.

The ban on successive motions under the First Step Act is parallel to the limit on successive motions for collateral review under 28 U.S.C. §2255. Some courts of appeals held that a motion for reconsideration in a §2255 proceeding is in effect a new collateral attack and therefore does not extend the time for appeal in the first collateral attack. But *Banister v. Davis*,

140 S. Ct. 1698 (2020), rejects that characterization and holds that a motion for reconsideration is just an ordinary filing designed to lead to the proper outcome in the original collateral proceeding. The Justices characterized the motion as "a limited continuation of the original proceeding—indeed, a part of producing the final judgment granting or denying habeas relief." *Id*. at 1710. The Court's rationale for rejecting the second-or-successive characterization of a motion to reconsider in *Banister* means that we should reject the second-or-successive characterization of a motion under a retroactive statute.

Section 404(c) says that the prisoner must be satisfied with one "complete review of the motion on the merits." Under the approach of *Banister*, a motion for reconsideration is *part* of that "complete review … on the merits" rather than a second or successive motion. And from this it follows, as *Banister* also holds, that the motion suspends the finality of the decision until the district court has acted. See also *United States v. Beard*, 745 F.3d 288, 291 (7th Cir. 2014) (same approach for motions based on retroactive changes to the Sentencing Guidelines).

This brings us to the merits. William Hible pleaded guilty to distributing more than five grams of crack cocaine and was sentenced to 240 months' imprisonment. His presentence report concluded that his relevant conduct included the distribution of more than 250 grams of crack, 50 kilograms of powder cocaine, and 2,000 kilograms of marijuana. A district judge cut the sentence to 225 months under the First Step Act but declined to reduce it further, remarking that Hible's substantial dealing in powder cocaine is outside the First Step Act's scope. Hible contends that the judge should not have relied on the presentence report, because before imposing the original sentence the court did not resolve a contest to the

report's accuracy. But there's a reason: Hible and the prosecutor made a bargain under which, in exchange for receiving a lower criminal-history category, Hible gave up his challenge to the report's conclusions. The district judge did not abuse his discretion by giving weight to the report when, years later, Hible sought a sentence below the one he had bargained for. See *United States v. Sutton*, 962 F.3d 979, 986–87 (7th Cir. 2020).

Nor did the judge err in considering Hible's prior felony conviction. If he had received an original sentence in 2020, the conviction would not have counted because of changes that the First Step Act makes to recidivist sentencing under 21 U.S.C. §841. But these changes are not retroactive, and we recently held that district judges need not apply them when considering motions under retroactive changes to the guidelines. See *United States v. Fowowe*, 1 F.4th 522, 529, 532 (7th Cir. 2021). See also *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021) (similar decision concerning motions for compassionate release). What is true of retroactive changes to the guidelines and motions for compassionate release is true when a new statute gives district judges discretion to reduce old sentences.

Hible's remaining arguments have been considered but do not require analysis.

Matthew Turner, the other appellant, received a life sentence for conspiring to distribute both crack and powder cocaine. A life sentence was mandatory given the quantities involved and Turner's prior drug convictions. 21 U.S.C. §841(b)(1)(A)(ii) (powder), (b)(1)(A)(iii) (crack). President Obama commuted this sentence to 30 years' imprisonment, and Turner sought more relief from the judiciary. The district court denied that request, observing that under the Fair Sentencing Act (retroactively applied through the First Step Act)

the statutory minimum sentence remains life in prison. Even
if all of the crack Turner distributed were to be disregarded,
the powder alone would require a life sentence.

*United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020),
holds that, when a defendant has been sentenced for two
crimes, one covered by the First Step Act and the other not, a
district judge has discretion to revise the entire sentencing
package. That does not help Turner, however, because *Hudson*
concerns the exercise of discretion. It does not change any
statutory penalty. Turner's statutory minimum penalty was
and remains life in prison. The President's pardon power per-
mits him to reduce such a sentence—and the President has
exercised that authority in Turner's favor—but a district judge
lacks equivalent power. Unless Turner receives further clem-
ency, his sentence cannot be less than 30 years.

AFFIRMED