In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-3491

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TIMOTHY KURZYNOWSKI,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 14-cr-151 — **Jane Magnus-Stinson**, *Judge.*

SUBMITTED SEPTEMBER 15, 2021[*] — DECIDED NOVEMBER 5, 2021

Before BRENNAN, SCUDDER, and ST. EVE, *Circuit Judges.*

ST. EVE, *Circuit Judge.* Timothy Kurzynowski pleaded
guilty to distributing child pornography. He admitted to of-
ficers that he spent years in internet chatrooms discussing

---

[*] On August 11, 2021, we vacated the oral argument scheduled for Sep-
tember 15, 2021, after granting appellant's unopposed waiver motion and
reviewing the parties' briefs. This appeal was therefore submitted on the
briefs and the record. *See* Fed. R. App. P. 34(a)(2).

sexual behavior involving minors and that his sexual interest focused on 10- to 13-year-old boys. His more recent online conversations explored fantasies of cooking and eating children. In 2015, the district court sentenced Kurzynowski to 96-months in prison. Kurzynowski thereafter moved for compassionate release pursuant to § 603 of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied the motion. Kurzynowski appeals, arguing the district court improperly thought the Sentencing Commission's criteria in U.S.S.G. § 1B1.13 constrained its discretion.

We affirm for two reasons. First, the district court properly exercised its discretion in denying Kurzynowski's motion. Second, under *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021), the fact that Kurzynowski is vaccinated precludes a finding that the COVID-19 pandemic presents extraordinary and compelling reasons for his release.

## I. Background

Kurzynowski actively participated in an internet chatroom named "#0!!!!!!ChildRapeTortureandBrutality:Dalnet." where he shared his sexual interest in prepubescent boys. When law enforcement visited his home for a "knock and talk," Kurzynowski admitted his attraction to 10- to 13-year-old boys, particularly ones wearing underwear and swimwear. He told officers he had been chatting online nearly daily for several years and recently discussed cooking and eating children. After Kurzynowski consented to a search of his computers and hard drives, law enforcement recovered hundreds of images of child pornography. Some were sadistic and masochistic. Over five months in 2013, Kurzynowski distributed 92 images and 17 videos through file-sharing programs.

Kurzynowski pleaded guilty to distributing child pornography. He received a 96-month sentence, well below his Guidelines range of 155 to 181 months. The district court granted this departure based on Kurzynowski's promise to complete a sex offender treatment program. Kurzynowski currently awaits his good-time release, scheduled for December 3, 2021, in a residential reentry center. He has not completed the treatment program.

In October 2020, Kurzynowski filed a motion for compassionate release. Like many inmates, Kurzynowski argued that his preexisting medical conditions put him at a high risk of severe illness from COVID-19. Suffering from hypertension, diabetes, and obesity, months into a pandemic with no vaccine in sight, Kurzynowski asked to serve the remainder of his time on supervised release. The government opposed Kurzynowski's motion, arguing that his preexisting conditions were not "extraordinary and compelling" under § 3582(c)(1)(A)(i), he posed an unacceptable danger to the community under 18 U.S.C. § 3142(g), and the 18 U.S.C. § 3553(a) factors did not support his release.

Originally limited to motions brought by the Director of the Bureau of Prisons, § 3582(c)(1)(A) permits a district court to release a prisoner if it finds that "extraordinary and compelling reasons" support release, the release "is consistent with applicable policy statements issued by the Sentencing Commission," and the district court has considered the factors listed in § 3553(a). The Sentencing Commission promulgated the policy statement U.S.S.G. § 1B1.13, instructing district courts "[u]pon motion of the Director of the Bureau of Prisons" to also consider whether the defendant poses "a danger to the safety of any other person or to the community" as

defined in § 3142(g). Although the First Step Act expanded § 3582(c)(1)(A) to permit prisoners to bring their own motions for compassionate release, the Sentencing Commission has not updated its policy statements to reflect this change. Consequently, we held in *United States v. Gunn*, 980 F.3d 1178 (7th Cir. 2020), that § 1B1.13 may serve as a guide for district court judges in exercising their discretion, but it is binding only when the Director of the Bureau of Prisons makes the motion. *Id.* at 1180.

The district court denied Kurzynowski's motion three days after we decided *Gunn*. With no mention of *Gunn*, the district court used § 1B1.13 to guide its analysis. It recognized that the Sentencing Commission had not updated the policy statement to apply to motions brought by prisoners, but noted that other courts nonetheless had "universally" turned to § 1B1.13. Although the district court acknowledged that Kurzynowski's medical conditions put him at greater risk, it denied his motion because Kurzynowski was a danger to the community under § 3142(g) and the § 3553(a) factors did not favor release. Kurzynowski timely appealed. We granted his motion to expedite the appeal and waive oral argument.

## II. Discussion

A motion for compassionate release involves a two-step inquiry: one, did the prisoner present an extraordinary and compelling reason for release, and two, is release appropriate under § 3553(a). *See United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021). We review a district court's denial of compassionate release for abuse of discretion. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). A decision based on a mistake of law is itself an abuse of discretion. *United States v. Black*, 999 F.3d 1071, 1074 (7th Cir. 2021).

The district court discussed § 1B1.13 without mentioning *Gunn*. Kurzynowski suggests the district court was unaware of *Gunn* and believed itself bound by the policy statement. Had the district court known the breadth of its discretion, Kurzynowski suggests, it may have declined to follow § 1B1.13's instruction to look to § 3142(g) and make a dangerousness finding. This dangerousness finding, in turn, led the district court to disregard whether Kurzynowski's heightened risk of severe illness due to COVID-19 presented extraordinary and compelling reasons for relief. If the district court mistakenly believed it was obligated to make a dangerousness finding, Kurzynowski argues, it abused its discretion. *See Black*, 999 F.3d at 1074.

First, the district court did not err when it considered § 1B1.13. The district court began its analysis by recognizing the absence of an applicable Guidelines policy statement for motions brought directly by a prisoner. It then turned to § 1B1.13 for guidance; it did not consider the policy statement mandatory. In *Gunn*, we explained that § 1B1.13 may still be instructive to district courts as long as courts do not treat it as binding. *See* 980 F.3d at 1180 (rejecting the argument that the lack of an applicable policy statement "leaves district judges free to invent their own policies about compassionate release"). Indeed, a court does not err by "merely quoting and analyzing § 1B1.13" when it recognizes that it is not bound by the statement. *Black*, 999 F.3d at 1074. Even if the district court was unaware of *Gunn*, its exercise of discretion is consistent with this view. After considering § 3142(g), the district court still followed the § 3582(c)(1)(A) statutory requirement to evaluate the § 3553(a) factors.

Here, the district court's analysis of the § 3553(a) factors
was not an abuse of discretion. A district court may grant a
motion for compassionate release only when the § 3553(a) fac-
tors support it. The district court concluded that Kur-
zynowski's sentence promoted respect for the law, reflected
the seriousness of his crime, and deterred the ongoing victim-
ization of children. Furthermore, the district court recognized
that the need to protect the public, "especially the most vul-
nerable members, children," was particularly significant with
Kurzynowski because his crimes "were motivated by his de-
praved sexual appetite toward young children, a pathology
for which he has not received medical, psychological, or spir-
itual treatment." The district court's assessment of danger un-
der § 3142(g) was consistent with these concerns. Therefore,
the district court adequately considered the § 3553(a) factors
and did not err or abuse its discretion.

This case does not implicate the same concerns we raised
in *United States v. Black*. *See* 999 F.3d at 1074–75. *Black* does not
require us to vacate and remand merely to inform the district
court it may disregard this dangerousness assessment under
§ 3142(g), especially where the court recognized it was not
constrained by § 1B1.13. "[O]ne good reason … is enough" to
deny a compassionate release motion. *Ugbah*, 4 F.4th at 598.
That the district court also conducted an appropriate § 3553(a)
analysis only strengthens our conclusion that it did not abuse
its discretion.

Second, even if the district court had erred, it would be
harmless. We are bound to follow *United States v. Broadfield*,
5 F.4th 801 (7th Cir. 2021). In *Broadfield*, we explained that the
mass rollout of effective vaccines drastically improved the
pandemic conditions in prisons. *Id.* at 802. Vaccinated

prisoners in 2021 do not face the same risks of serious illness as they did in 2020. Unless a prisoner can show they are "unable to receive or benefit from a vaccine … the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at 803. Because Kurzynowski is vaccinated, he is ineligible for relief on remand. *See Ugbah*, 4 F.4th at 597 (noting "it would be an abuse of discretion for a judge to rule in his favor").

AFFIRMED.