NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2022*
Decided February 7, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2606

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 18-cr-28-jdp |
| JORGE CONSUEGRA-ROJAS, *Defendant-Appellant.* | James D. Peterson, *Chief Judge.* |

**O R D E R**

Jorge Consuegra-Rojas appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c). Because an asserted error with respect to the original

---

* Appellee is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. See FED. R. APP. P. 34(a)(2)(C).

sentence cannot provide an "extraordinary and compelling" reason for compassionate release, we affirm.

Rojas was sentenced in August 2018 to 60 months' imprisonment for possession of 15 or more unauthorized "access devices" and conspiracy to commit access-device fraud. *See* 18 U.S.C. § 1029(a)(3), (b)(2). Access devices—here, 1,679 stolen credit card numbers—are simply means of obtaining or transferring money or anything of value. *See* 18 U.S.C. § 1029(e)(1). His total offense level under U.S.S.G. § 2B1.1, which is based on the greater of the actual or intended monetary loss associated with the crime, included a 14-level increase because of Application Note 3(F)(i), which sets the intended unauthorized charges at a minimum of $500 per access device. At sentencing, the district court considered, but ultimately rejected, Rojas's argument that Application Note 3(F)(i) was unfair as applied to his case and that the unfairness warranted a downward variance from the guidelines range of 51 to 63 months' imprisonment. Rojas did not appeal his conviction or sentence, nor did he bring a motion under 28 U.S.C. § 2255.

Less than three years after sentencing, the Sixth Circuit invalidated Application Note 3(F)(i). *United States v. Riccardi*, 989 F.3d 476 (6th Cir. 2021). Relying on a recent Supreme Court decision narrowing deference to administrative agencies' regulatory interpretations, *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), the *Riccardi* court concluded that Application Note 3(F)(i) conflicts with U.S.S.G. § 2B1.1 and that, "if the Commission seeks to keep individuals behind bars for longer periods of time based on this type of 'fictional' loss amount, this substantive policy decision belongs in the guidelines, not in the commentary." *Riccardi*, 989 F.3d at 487. Based on its own interpretation of the guideline, the court determined that it was error to apply the $500 minimum to increase the defendant's offense level. *Id. at* 489.

Rojas then moved for compassionate release, arguing that the *Riccardi* decision warranted his immediate release from prison. He contended that he would receive a shorter prison sentence if sentenced today, resulting in a disparity among similar defendants that provided an "extraordinary and compelling" reason for his early release. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The district court denied Rojas's motion for two reasons: the Sixth Circuit case was not binding, and Rojas's 60-month sentence was appropriate even apart from the application note. Rojas appealed. We review the denial of his motion for an abuse of discretion. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

Rojas principally contends, as he did in the district court, that the Sixth Circuit decision discarding the $500 per device minimum created a sentencing disparity that warrants his early release. The argument lacks merit.

First, Rojas fails to engage with the district court's statement that he would have received the same sentence even without the application note's $500 per device minimum. Acknowledging that the application note "was not, by itself, a good indication of [Rojas's] culpability," the court explained that it had sentenced Rojas to 60 months because of his deep involvement in the criminal scheme and his two prior offenses for the same type of activity. Earlier punishments had not deterred him. Because Rojas would have received the same sentence with or without the application note, the note did not negatively affect him.

Second, the district court was bound to apply the law of this circuit, and we have not found Application Note 3(F)(i) to be an unreasonable interpretation of U.S.S.G. § 2B1.1. Indeed, we repeatedly have upheld sentences based on guidelines ranges calculated with reference to that application note. See *United States v. Popovski*, 872 F.3d 552, 554 (7th Cir. 2017); *United States v. Moore*, 788 F.3d 693, 695 (7th Cir. 2015). It is worth adding that we have not commented on this application note since *Kisor*. If warranted, we would be under no obligation to accept the application note as a reasonable interpretation of the guideline. See *United States v. Goodwin*, 717 F.3d 511, 519 (7th Cir. 2013) ("[W]e do not defer to interpretations that are 'plainly erroneous or inconsistent' with the relevant Guideline, federal law, or the Constitution."). And in any event, Rojas has no basis for assuming that this court would conclude, as the Sixth Circuit did, that the application note conflicts with the guideline.

Third, to the extent that Rojas challenges the validity of Application Note 3(F)(i) either generally or as applied to him, a compassionate-release motion is not the appropriate vehicle for those arguments. Rather than "circumvent the normal process for challenging potential sentencing errors," a defendant must raise any challenge to his original sentence in a direct appeal or collaterally through 28 U.S.C. § 2255, not by way of a compassionate-release motion. *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). Rojas had the opportunity to challenge the application note on direct appeal or in a collateral attack, but he did not. Even if he did not waive the challenge by failing to raise it at those stages, the potential sentencing error cannot be his extraordinary and compelling reason for compassionate release. *Id.*; *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021).

     This principle obviates the need for us to consider Rojas's argument that the district court's exercise of discretion was erroneous because it did not adequately consider his rehabilitative efforts or the sentencing factors under 18 U.S.C. § 3553(a). His motion failed at the first step of the two-step inquiry—lack of an extraordinary and compelling reason—and "[o]ne good reason is enough to deny a compassionate release motion." *United States v. Kurzynowski*, 17 F.4th 756, 759–60 (7th Cir. 2021) (internal citation omitted).

     AFFIRMED