CLD-069                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2697

_____

UNITED STATES OF AMERICA

v.

ANDRE HENRY,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-06-cr-00033-001)
District Judge: Jan E. DuBois

_____

Submitted on Motion for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
January 27, 2022

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: March 7, 2022)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Federal prisoner Andre Henry appeals from the District Court's order denying his motion pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government timely filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will affirm.

In 2007, a jury found Henry guilty on twenty-seven counts, including armed bank robbery, solicitation of murder, attempted carjacking, and various firearms offenses. The District Court sentenced Henry to over 80 years' imprisonment. We affirmed on appeal. See United States v. Henry, 360 F. App'x 395 (3d Cir. 2010). Henry then filed a motion pursuant to 28 U.S.C. § 2255, which the District Court denied. We denied his request for a certificate of appealability. See C.A.3 No. 11-1101. Henry's anticipated release date is in 2076.

In April 2021, Henry filed a motion for a reduction of sentence and compassionate release, see 18 U.S.C. § 3582(c)(1)(A)(i), citing his youth at the time he committed his offenses, his rehabilitation while incarcerated, the changes in federal sentencing since his conviction, and the time he has already served. The District Court denied the motion and Henry filed a notice of appeal. The Government filed a motion to summarily affirm the District Court's order, to which Henry has not responded.[1]

---

[1] Henry did file a motion to stay these proceedings pending the resolution of a petition for certiorari raising similar issues. See Motion to Stay, CA3 ECF No. 12. However, the Supreme Court has denied that petition, see Jarvis v. United States, No. 21-568 (U.S. Jan. 10, 2022), 2022 WL 89314, and we accordingly deny Henry's motion.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (quotation marks and citation omitted). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Compassionate release is discretionary, not mandatory; even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors.[2] See Pawlowski, 967 F.3d at 330; United States v. Jones, 980 F.3d 1098, 1102 (6th Cir. 2020) (finding no abuse of discretion where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed . . . but that the § 3553(a) factors counseled against granting compassionate release").

---

[2] The sentencing factors require the courts to consider, inter alia, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

3

We recently considered how the changes brought about by the First Step Act of 2018 affect the evaluation of motions for compassionate release. See generally United States v. Andrews, 12 F.4th 255 (3d Cir. 2021). We concluded, among other things, (1) that the U.S. Sentencing Commission's policy statement regarding compassionate-release motions initiated by the Bureau of Prisons, see U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2018), was not a binding "applicable policy statement" under the statute for the purposes of prisoner-initiated motions, though it remains a useful guide, see Andrews, 12 F.4th at 259–60; and (2) that neither the duration of a sentence nor the nonretroactive changes to the mandatory minimums for brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c) constitute "extraordinary and compelling reasons" warranting compassionate release, id. at 260–61.[3]

The District Court's order denying Henry's motion pre-dated our decision in Andrews. Recognizing the then-open question of the relevance of the new section 924(c) mandatory minimums, the District Court declined to decide whether Henry had presented extraordinary and compelling reasons for release. See Order 6–7, ECF No. 889. Instead, following the procedure outlined in USSG § 1B1.13, the District Court determined (1) that Henry failed to show that if released he would not pose a danger to the community,

---

[3] However, we made clear that "the current sentencing landscape may be a legitimate consideration for courts at the next step of the analysis when they weigh the § 3553(a) factors." Id. at 262. The District Court here explained that, were Henry sentenced now, the new mandatory minimums likely would result in a sentence of 622 months, rather than the 982 months he is currently serving. See Order 8, ECF No. 889.

4

as defined in 18 U.S.C. § 3142(g); and (2) that granting his motion would be inconsistent with the sentencing factors enumerated in 18 U.S.C. § 3553(a). See id. at 7–8.[4]

The District Court's evaluation of the section 3553(a) sentencing factors is itself sufficient to support denying his motion. The District Court explained that releasing Henry at this point would represent "approximately one-third of the sentence that would be imposed at this time [under the new § 924(c) mandatory minimums], and one-fifth of his actual sentence," and therefore "[would] not reflect the seriousness of the crimes of conviction, promote respect for the law, or provide just punishment for [Henry]'s criminal conduct." Order 8, ECF No. 889; see also Pawlowski, 967 F.3d at 331 ("Because a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may . . . inform whether [compassionate] release would be consistent with those factors.").

Moreover, following Andrews, it now clear that Henry's proposed "extraordinary and compelling reasons" warranting release are insufficient.[5] While we agree with the

_____

[4] To the extent Henry argues that the District Court incorrectly weighed the facts in this analysis, our task is not to conduct a de novo review, and Henry fails to demonstrate any abuse of discretion. To the extent he argues that evaluating dangerousness under section 3142(g) was itself error because the Sentencing Commission's policy statement is no longer binding, we disagree. First, as noted above, the policy statement may continue to serve as a guide for prisoner-initiated motions for compassionate release. Second, even setting aside the policy statement, a District Court is still statutorily required to evaluate the relevant sentencing factors, among which is "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). The District Court's consideration of Henry's potential dangerousness was therefore not inappropriate. Cf. United States v. Kurzynowski, 17 F.4th 756, 760 (7th Cir. 2021) (consideration of future dangerousness under § 3142(g) not reversible error where "the district court also conducted an appropriate § 3553(a) analysis").
[5] The Government correctly notes that the cases that Henry attempts to analogize to his

District Court that Henry has undertaken admirable rehabilitative steps, the length of his sentence and the fact that it would be different under the current sentencing regime are simply not sufficiently extraordinary and compelling. See Andrews, 14 F.4th at 260–61.

Based on the foregoing, Henry's appeal does not present a substantial question. We therefore will summarily affirm the District Court's order.

---

own situation were all decided before Andrews, on the assumption that the changes to the mandatory minimums *could* establish extraordinary and compelling reasons and are therefore inapposite. See Mot. for Summ. Aff. 30, CA3 ECF No. 10.