NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2022[*]
Decided April 5, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

Nos. 21-2311 & 21-2338

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-cr-108-bbc |
| WAYNER D. BLACK, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

Wayner Black, a federal prisoner, separately appeals two post-judgment decisions in his criminal case: a turnover order for $4,043.02 in funds from his inmate trust account to satisfy a restitution award, (No. 21-2311), and the denial of his motion for compassionate release (No. 21-2338). The appeals are unrelated, and were not

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

initially consolidated, but the line between them blurred during briefing, and so we have consolidated them for disposition. In each appeal, we affirm.

In 2009, Black and three accomplices held tellers at a Wisconsin bank at gunpoint, stealing $15,208.97. Black pleaded guilty to armed bank robbery under 18 U.S.C. § 2113(a), (d), and was sentenced as a career offender to 262 months' imprisonment. In his plea agreement, Black accepted joint-and-several liability for restitution with his co-defendants for "the full amount of restitution … due and payable immediately," under the Mandatory Victims Restitution Act, 18 U.S.C. § 3664. At the sentencing hearing, Black was again told, "your restitution obligation is joint and several" with his co-defendants, and the court entered a restitution order for $15,208.97, "due in full immediately." Black surrendered $2,400, but because he lacked means to pay in full, the court ordered his participation in the Inmate Financial Responsibility Program, an installment plan administered by the Bureau of Prisons, under which payments were automatically deducted from his earnings in prison. *See United States v. Alverez*, 21 F.4th 499, 504 (7th Cir. 2021) (court must set payment schedule for indigent defendant); *United States v. Hernandez*, 952 F.3d 856, 861 (7th Cir. 2020) (court may delegate administration of payment schedule to IFRP).

In May 2021, Black signed an agreement with the Bureau of Prisons increasing his payments under the IFRP to half of his monthly prison earnings, to be withdrawn from his inmate trust account. That document also noted that the restitution was "payable immediate[ly]." The next month, the government learned that Black had over $4,000 in his inmate trust account, when he and his co-defendants still owed $9,860.94 in restitution. The government moved to seize Black's funds as "substantial resources" that must be applied toward restitution. *See* 18 U.S.C. § 3664(n). The district court entered a turnover order, rejecting Black's argument that his May 2021 IFRP agreement set a maximum monthly payment and restricted the source of restitution funds to his earnings. Black raised the same arguments in a motion to reconsider the turnover order, which the court denied, and Black appealed.

At the same time, Black was seeking early release from prison for compassionate reasons under 18 U.S.C. § 3582(c)(1)(A). The district court denied Black's first motion for failure to exhaust administrative remedies, and he refiled in June 2021. As grounds for relief, he cited chronic health conditions, the COVID-19 pandemic, and the alleged unlawfulness of his career-offender enhancement. The district court ruled that Black did not qualify for release under § 3582(c)(1)(A)(i) because vaccines were available at his facility, and he remained a danger to the community. Black appealed.

**Appeal No. 21-2311**

We first consider Black's appeal of the turnover order, No. 21-2311, applying de novo review. *See United States v. Sayyed*, 862 F.3d 615, 617 (7th Cir. 2017). He argues that the order called for payment beyond the maximum set by his installment plan and seized exempt funds that were for his personal expenses.

The first argument—that his restitution repayment is capped at half of his monthly prison earnings—lacks merit. His IFRP agreement did not purport to amend the criminal judgment, which includes the restitution order, nor could it: the Bureau of Prisons may administer restitution, not modify the judgment. *See* 18. U.S.C. § 3664(o); *Hernandez*, 952 F.3d at 861. Further, Black's agreement reiterates that full restitution is due immediately and that half of his earnings "will be withdrawn from [his] account" towards the debt until he revokes authorization (an act that carries other consequences). Thus, on its face, the payment plan is not a cap on collections and does not exclude his trust account. (If Black means to contest the prison's interpretation of his plan, moreover, the proper venue is the inmate grievance process. *Hernandez*, 952 F.3d at 861.)

Black's second argument, that the $4,043.02 in his account was from non-income deposits and not a valid source of restitution funds, also fails. Black explains that his trust account contained funds that friends and family contributed for his living expenses and contends that this money is therefore not an "inheritance, settlement, or other judgment" that must go toward restitution under 18 U.S.C. § 3664(n). But the list in § 3664(n) is non-exhaustive, and we have held that the provision permits seizure of funds from any source—no matter how acquired or for what purpose—to satisfy restitution. *See e.g.*, *United States v. Wykoff*, 839 F.3d 581, 582 (7th Cir. 2016) (upholding turnover of prison account, percentage of earnings, and pension fund). The court therefore properly granted the order in the interest of collecting restitution "as quickly as possible." *See United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008).

Finally, Black argues that the seizure of the full balance in his account, to be applied toward the then $9,860.94 in outstanding debt, impermissibly left him destitute. *See United States v. Dawson*, 250 F.3d 1048, 1050 (7th Cir. 2001). But the statute directs full restitution "as determined by the court and without consideration of the economic circumstances of the defendant." § 3664(f)(1)(A); *see United States v. Brazier*, 933 F.3d 796, 804 (7th Cir. 2019). And we have specifically held that there is no exception to restitution

for personal expenses. *See United States v. Gomez*, 24 F.3d 924, 927 (7th Cir. 1994) (citing *United States v. House*, 808 F.2d 508 (7th Cir.1986)).

**Appeal No. 21-2338**

We now turn to Black's second appeal, No. 21-2338, in which he contends that the district court erroneously denied his amended motion for compassionate release in June 2021. 18 U.S.C. § 3582(c)(1)(A). First, he argues that he qualified for relief based on hypertension, obesity, high cholesterol, mental health, a slipped spinal disc, and the COVID-19 pandemic. Black appended multiple exhibits to his motion, but he provided no verification of any health conditions, nor information about whether he had access to a COVID-19 vaccine and was able to receive it. The availability of vaccination within the Bureau of Prisons means that the health risk of the pandemic is not an "extraordinary and compelling" reason for release. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). As the court noted, Black did not represent that he lacked access to or would not benefit from the vaccine, nor did he substantiate his assertion that his health was poor, or argue that he lacked medical treatment in prison. Because the court gave at least "one reason adequate to support the judgment," there was no error in concluding that he did not establish cause for his release. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

Second, Black argues that the district court wrongly constrained its discretion by asking whether he posed a danger to the community under U.S.S.G. § 1B1.13(2) and 18 U.S.C. § 3142(g), rather than weighing the sentencing factors, 18 U.S.C. § 3553(a). *See United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). But the court properly denied his motion based on the absence of extraordinary and compelling reasons for relief (primarily the vaccine). Its decision thus rested on § 3582(c)(1)(A)(i), and implicitly recognized it was not constrained by § 1B1.13(2) or 18 U.S.C. § 3142(g). Moreover, protecting the public is a relevant consideration under § 3553(a)(2)(C), so any error in its alternative explanation was harmless. *See Kurzynowski*, 17 F.4th at 760.

Finally, Black argues that the district court erred by "refusing to revisit" his career-offender status, but a motion for compassionate release does not entitle him either to collaterally attack his original sentence, or to a full resentencing. *See United States v. Hible*, 13 F.4th 647, 650 (7th Cir. 2021). Regardless, we rejected the same career-offender argument in his prior appeal. *See United States v. Black*, 636 F.3d 893, 897–99 (7th Cir. 2011).

AFFIRMED