**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2022*
Decided May 5, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2104

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-cr-133-bbc |
| THOMAS R. VALLEY, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Thomas Valley, a federal inmate, moved for compassionate release based on his claim of heightened risk of complications from a COVID-19 infection. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court concluded that Valley's medical conditions were not an extraordinary and compelling reason for release and that the sentencing factors of

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

18 U.S.C. § 3553(a) also weighed against release. In so ruling, the court did not abuse its discretion, so we affirm.

Valley filed his motion after he served about a decade of his 40-year prison term—20 years on each of two counts—for receiving child pornography, 18 U.S.C. § 2252(a)(2). In December 2020, he moved for compassionate release, arguing that his hypertension, acute sinusitis, and asthma exacerbated the risks associated with COVID-19. The government opposed the motion, and the district court denied it before Valley could timely file a reply. (Valley faced a delay in receiving the government's response.) He moved for reconsideration, and the court granted that motion, allowing Valley to respond to the government's objections.

After reviewing Valley's reply, the district court again denied Valley's motion for compassionate release. First, it ruled that the risks posed by Valley's hypertension, sinusitis, and asthma (which was not documented) during the COVID-19 pandemic did not present an extraordinary and compelling reason for early release. It explained that Valley had already contracted COVID-19 in July 2020; did not appear to have lasting, debilitating symptoms from that infection; and, based on a medical study, was at lower risk of reinfection as a result. Second, the court considered whether Valley should be released under what it called "the applicable policy statement" of U.S.S.G. § 1B1.13. It recounted the serious nature of Valley's criminal behavior—receiving and producing child pornography by enticing young girls to come to his home—as well as his reform efforts in prison, such as earning his GED and joining the Orthodox Jewish faith. After balancing the competing factors, the court concluded that the factors in both U.S.S.G. § 1B1.13 and 18 U.S.C. § 3553(a) counseled against early release.

On appeal, Valley challenges the district court's denial of relief, which we review for abuse of discretion. *United States v. Saunders*, 986 F.3d 1076, 1077 (7th Cir. 2021). But the court did not abuse its discretion in denying release. As a threshold matter, unless a prisoner provides evidence that the COVID-19 vaccine is unavailable or ineffective for him, the presence of COVID-19 is generally not an extraordinary and compelling reason for compassionate release. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Valley provided no evidence or argument that he cannot benefit from the COVID-19 vaccine. Rather, he contends only that the government forfeited reliance on *Broadfield* because it did not cite the case before the district court. But Valley had the burden of establishing "extraordinary and compelling reasons" for a sentence reduction, *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021), and his failure to address his

vaccination status defeats a contention on appeal that the district court abused its discretion in denying relief.

Vaccination considerations aside, Valley argues that the district court improperly ignored the COVID-19 conditions at his facility, such as the prison staff's failure to follow masking and isolation recommendations. But the court reasonably decided that those factors did not warrant releasing him: His asthma was unsubstantiated and, based on medical data that Valley did not contradict, his recovery from a prior COVID-19 infection showed that his other health conditions did not present a heightened risk from infection.

Valley next argues that the district court erred by relying on U.S.S.G. § 1B1.13's policy statement to deny relief. Because U.S.S.G. § 1B1.13 applies only to motions for compassionate release initiated by the Bureau of Prisons, the policy statement is not binding on a district court when a prisoner makes the request. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). But nothing precludes courts from using U.S.S.G. § 1B1.13 as a guide. *See United States v. Kurzynowski*, 17 F.4th 756, 760 (7th Cir. 2021). Further, even if the court erred when relying on U.S.S.G. § 1B1.13 in evaluating Valley's potential danger to the community, any such error would have been harmless. The court also based its decision to deny relief on the statutory factors under § 3553(a), which apply to motions for compassionate release. *See United States v. Rucker*, 27 F.4th 560, 562 (7th Cir. 2022). And the court reasonably applied those factors by assessing the seriousness of his crimes—in this case, bringing underage girls to his home to produce pornography—and his danger to the public. Valley responds that the district court impermissibly discounted his rehabilitation in prison when it determined that the § 3553(a) factors weighed against early release. But the court needed only to address § 3553(a) and identify "one good reason" to deny early release. *Id.* at 563. Here, the court adequately justified its decision by acknowledging Valley's reform efforts but deciding that the seriousness of his offense and the danger he posed to the community nevertheless outweighed his rehabilitation progress.

                                                                                                    AFFIRMED