NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2022[*]
Decided June 16, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1600

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:12 CR 10 |
| JOSEPH MILLER, *Defendant-Appellant.* | James T. Moody, *Judge.* |

**O R D E R**

Joseph Miller, a federal prisoner with chronic health conditions, appeals the denial of his motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district judge concluded that Miller did not demonstrate that a heightened risk of

---

[*] We agreed to decide the case without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

complications from COVID-19 justified his early release. Because the judge did not abuse his discretion, we affirm.

Miller robbed a bank in Hammond, Indiana, in 2011. At that time he had six prior felony convictions and was on supervised release as part of his sentence for a previous bank robbery. A jury found Miller guilty of the Hammond robbery, *see id.* § 2113(a), and the judge imposed a prison term of 225 months, within the applicable range under the Sentencing Guidelines. Miller is housed at the Federal Correctional Institution in Greenfield, Illinois, with a projected release date in 2028.

In September 2020 Miller filed a pro se motion for compassionate release, later supplemented by appointed counsel, based on his age (now 56), obesity, diabetes, high cholesterol, a liver ailment, and what he described as "contact with tuberculosis." *See* § 3582(c)(1)(A)(i). He had contracted and recovered from COVID-19 in December 2020, but he maintained that his poor health and inadequate preventative measures at the prison put him at risk of reinfection and serious illness.

The judge denied the motion in March 2021, using the policy statement in U.S.S.G. § 1B1.13 "as a guide." *See* § 3582(c)(1)(A) (instructing courts to consult "applicable policy statements"). Acknowledging that Miller's medical conditions placed him at increased risk of severe illness from COVID-19, the judge found that the virus was "effectively controlled" at the prison because there were no active inmate cases and no reason to believe that staff members continued to bring the virus into the prison. Under these circumstances, the judge concluded, Miller's risk of reinfection did not create an "extraordinary and compelling" justification for compassionate release. The judge did not consider the sentencing factors under 18 U.S.C. § 3553(a). Miller appealed.

We review the denial of a motion for compassionate release for abuse of discretion. *See United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). Miller first argues that the judge inappropriately relied on § 1B1.13. *See United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). But although that policy statement has not been applicable since the compassionate-release statute was updated, here the judge recognized its nonbinding nature and consulted it only "as a guide," which is permitted. *Id.*; *United States v. Rucker*, 27 F.4th 560, 562 (7th Cir. 2022).

Miller next contends that the judge erred by failing to consider the combined effects of Miller's health conditions on his susceptibility to COVID-19. But the judge acted within his discretion in concluding that Miller did not show a sufficient risk of

contracting the virus again and suffering its worst outcomes. The judge assumed that Miller's medical comorbidities "place[d] him at an increase[d] risk of severe illness were he to contract COVID-19 for a second time," but after discussing Greenville's response to the pandemic, concluded that this risk was not extraordinary based on the prison's adequate management of the virus. Miller did not present any evidence that contradicts this assessment. The judge reasonably concluded that Miller did not meet his burden to establish an extraordinary and compelling reason for release. *See United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022). And to the extent that Miller challenges the conditions and medical care at Greenfield more generally, a compassionate-release motion is not the right vehicle. *See United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021).

Finally, Miller contends that the judge neglected to discuss the § 3553(a) sentencing factors, particularly his rehabilitative progress while imprisoned. But the judge permissibly declined to discuss the factors after concluding that Miller lacked a reason for release. A motion for compassionate release involves a two-step inquiry: first, whether the prisoner presented an extraordinary and compelling reason for release, and second, whether release would be consistent with the § 3553(a) factors. *See Kurzynowski*, 17 F.4th at 759. Because Miller fell short at the first step, the judge did not need to address the second. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

AFFIRMED