In the

# United States Court of Appeals
### For the Seventh Circuit

No. 20-2361

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LYNARD JOINER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 16-cr-30016 — **Sue E. Myerscough**, *Judge.*

ARGUED JANUARY 26, 2021 — DECIDED FEBRUARY 23, 2021

Before SYKES, *Chief Judge*, and EASTERBROOK and KIRSCH,
*Circuit Judges*.

KIRSCH, *Circuit Judge*. Lynard Joiner appeals the district
court's denial of his motion for compassionate release under
18 U.S.C. § 3582(c)(1)(A). On appeal, he raises one issue:
whether the district court procedurally erred by not specifi-
cally addressing his argument that his skin color "elevates his
risk from COVID-19." In the district court, Joiner supported
this contention by citing to three articles discussing disparities

in health care outcomes based on race. Those articles, however, pointed to a multitude of societal factors that are not relevant to Joiner's individual situation in federal prison. Extrapolating direct relevance to Joiner's situation requires leaps of logic that do not necessarily follow from the broad societal information he presented. Without any factual basis tying these broader societal concerns to Joiner's individual situation, the district court was not required to address the argument. Thus, because the district court did not procedurally err, we affirm.

## I.

Joiner is a 31-year-old federal prisoner serving an eight-year sentence at U.S. Penitentiary Marion for possession of cocaine base with the intent to distribute. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). In July 2020, amid the COVID-19 pandemic, Joiner moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He offered three "extraordinary and compelling reasons," § 3582(c)(1)(A)(i), for release: self-reported hypertension, a body mass index of 28.9 (the "overweight" category), and his skin color ("brown"), which he says is "seen as 'black.'" For his third point, he argued that Black Americans have disproportionately suffered from COVID-19, not because of "weak biology," but because "society has put them in worse positions." He cited an article from the Centers for Disease Control and Prevention to argue that Black people in the United States face a higher risk of hospitalization and death from COVID-19. He also relied on two other articles to contend that, even though skin color should not affect health outcomes from infectious diseases, "our society" delivers subpar health care to "people with black skin," even when controlling for class, comorbidities, and access to health insurance.

The government opposed the motion. It argued that Joiner failed to exhaust his administrative remedies. *See* § 3582(c)(1)(A). (It does not press this argument on appeal.) On the merits, it contended that Joiner's medical records did not contain evidence of hypertension and, according to the CDC, his body mass index did not place him at "high risk" for severe COVID-19 complications. The government did not respond to Joiner's society-wide racial disparities argument.

The district court ruled that Joiner did not present extraordinary and compelling reasons for release. While observing that Joiner's prison had thirteen confirmed COVID-19 cases, it concluded that Joiner did not show that he was at an elevated risk for severe complications from the virus because he was relatively young, he had no documented hypertension, and his body mass index was not an increased risk factor, per CDC guidance. The court did not comment on Joiner's argument that based on societal factors Black Americans have disproportionately been affected by the virus.

## II.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court may grant an inmate's request for early release based on "extraordinary and compelling reasons," provided that the inmate first submits a request to the Bureau of Prisons. *United States v. Gunn*, 980 F.3d 1178, 1179, 1181 (7th Cir. 2020). The exhaustion requirement is mandatory when properly invoked. *United States v. Sanford*, 986 F.3d 779, 780 (7th Cir. 2021). But because the requirement is non-jurisdictional, the government loses the benefit of this affirmative defense when, as here, it does not press the defense on appeal. *Id.* at 782.

Joiner maintains that the district court procedurally erred when it silently passed over his third contention for release—that his skin color elevated his risk of complications from COVID-19. For purposes of this appeal, the parties have assumed that we review this contention of procedural error under the same standard that we use when a party asserts a procedural error in sentencing. *See United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).[1] *Cunningham* requires a court to address each of the movant's principal arguments, unless they are "too weak to require discussion" or "without factual foundation." *United States v. Rosales*, 813 F.3d 634, 637 (7th Cir. 2016). Under this standard, to require discussion the arguments must be "individualized to the facts" of the movant's case. *See United States v. Hancock*, 825 F.3d 340, 344 (7th Cir. 2016).

Under *Cunningham*, the district court did not procedurally err in silently passing over Joiner's argument. First, Joiner contended, citing a CDC article, that COVID-19 has caused "a disproportionate burden of illness and death among racial and ethnic minority groups." That disproportionate burden, the article states, may stem from societal living and working conditions among racial and ethnic minority groups, including that minorities may more commonly live in densely populated areas, farther from medical care, and work in essential businesses that have remained open during the pandemic. This article, which discusses the disparity in terms of *societal*

---

[1] We do not decide that we must always review claims of procedural error from denials of motions for compassionate release under the same standard as claims of procedural error at sentencing. *See, e.g.*, *Gunn*, 980 F.3d at 1181 (suggesting deferential review of district court orders deciding motions for compassionate release).

living and working conditions among minority groups, does not provide a factual foundation for the argument that Black *federal prisoners* are at higher risk of severe COVID-19 complications than prisoners of other races. As such, the court did not need to address Joiner's contention.

Second, Joiner did not submit evidence that his perceived skin color renders him especially vulnerable to the virus in prison or at Marion. He concedes that his skin color does not make him more biologically susceptible to COVID-19. Rather, he assumes that the community data that he cites about racial disparities in health care, infections, hospitalization, and deaths from COVID-19 are mirrored at Marion. But in the district court he offered no evidence to support this assumption. Likewise, on appeal, he could not point to any evidence or data on COVID-19 susceptibility or outcome disparities in prison based on race. Broadly, Joiner's assumption ignores that variables in the community that might affect COVID-19 susceptibility and outcomes may not vary in prison. In prison, inmates generally live and work in the same environment, and they receive health care in the same setting. Moreover, medical providers to federal prisons are subject to legal constraints and obligations that may not apply to providers in the community. None of Joiner's materials acknowledged or discussed these differences. Without any data or a factual foundation connecting generalized societal disparities in health care susceptibility or outcome to Joiner's individualized circumstances at Marion (or even federal prisons generally), the district court was not required to discuss Joiner's racial disparity argument.

In reply, Joiner argues that prison health care is not entirely independent of society. Prisons hire workers from the

community, and from there, he argues, they may bring to the prison their racial biases in delivering care. But, as discussed, by relying on generalized evidence of broad societal concerns, Joiner did not provide the court with any basis to make that determination, and therefore, the district court was not required to address this argument.

Nothing prevented the district court from pointing out that Joiner did not furnish evidence connecting his societal disparities arguments to his individual situation in prison. But such statement was not needed "for meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007). By discussing the two issues that Joiner did develop (his self-reported hypertension and body mass index), the court adequately explained why Joiner did not present extraordinary and compelling reasons for release. *See United States v. Castaldi*, 743 F.3d 589, 595 (7th Cir. 2014) ("[T]he district judge made his thinking clear enough.").

Finally, Joiner argues that the government has waived its substantive arguments relating to how racial disparities in health care should be interpreted in this case. He correctly observes that in the district court the government did not counter Joiner's racial-disparity argument. But if the district court did not need to respond to the argument as factually unfounded, neither did the government. In any event, the government responded to Joiner's procedural challenge at its earliest opportunity—on appeal where Joiner first raised it. *Cf. Prop. & Cas. Ins. v. Cent. Nat'l Ins. Co. of Omaha*, 936 F.2d 319, 323 n.7 (7th Cir. 1991*)* (no waiver when party had first opportunity to brief an issue on appeal). Thus, the government did not waive its argument.

AFFIRMED.