**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 2, 2021[*]
Decided June 3, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1056

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:19-cr-10025 |
| STEWON CROWDER, *Defendant-Appellant.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Stewon Crowder, a 35-year-old federal inmate, appeals the denial of his motion for compassionate release based on his health conditions and the COVID-19 pandemic. The district court concluded that he lacked an extraordinary and compelling reason for release and that the factors in 18 U.S.C. § 3553(a) weighed against it. The court did not abuse its discretion, and so we affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Crowder moved for compassionate release in November 2020, when he had served about half of his 37-month sentence for possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). At that time, he was confined at the Peoria County, Illinois jail because COVID-19 restrictions prevented his transfer to his assigned facility within the federal Bureau of Prisons. With assistance from recruited counsel, Crowder argued that his health conditions presented an "extraordinary and compelling reason" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). He suffered from deep vein thrombosis and a painful open leg wound which posed a risk of infection. He did not assert that his conditions increased his risk of severe complications from COVID-19; rather, he argued that overcrowding at Peoria hospitals caused by surging COVID-19 cases jeopardized his ability to receive treatment for his conditions, which had required six hospital visits since his incarceration began.

In its ruling, the district court first rejected the government's argument that Crowder failed to exhaust administrative remedies, noting that it had not responded to Crowder's point that he was not in a BOP facility and therefore had no remedies "available" to exhaust. But the court concluded that Crowder failed to establish an extraordinary and compelling reason for release: His medical conditions had not been shown to heighten his risk from COVID-19, there were no active cases at Crowder's facility, and release would not alleviate his concerns about overcrowding in area hospitals. Further, the serious circumstances of his offense (he did not just possess a firearm but fired it at a house) and his history and characteristics (he was an admitted gang member with a "virtually uninterrupted" criminal history, including several offenses committed while on supervision) weighed against release.

Crowder appeals, primarily arguing that the court gave short shrift to the seriousness of his medical conditions. We review the denial of his motion for abuse of discretion. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). The government declines to renew its exhaustion argument, so we proceed to the merits. *See United States v. Joiner*, 988 F.3d 993, 995 (7th Cir. 2021).

The district court did not abuse its discretion in concluding that Crowder failed to establish an extraordinary and compelling reason for a sentence reduction. It acknowledged his deep vein thrombosis and leg wound, but it reasonably concluded that he had not shown that those conditions placed him at heightened risk from COVID-19. Further, his fears about the availability of medical care in the future were speculative.

Crowder also asserts that he faces a heightened risk because he has been diagnosed with coronary artery disease, which the Centers for Disease Control and Prevention recognizes as a COVID-19 risk factor. *See People at Increased Risk and Other People Who Need to Take Extra Precautions: People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last updated May 13, 2021). But in the district court Crowder did not seek early release based on coronary artery disease. He mentioned the diagnosis once in summarizing his six hospital visits to support his argument that he needed easy access to hospital care for his leg wound. The district court was obligated to address only Crowder's "principal arguments" for relief, *United States v. Newton*, 996 F.3d 485, 489 (7th Cir. 2021), and we cannot consider the argument in the first instance. *See Hildreth v. Butler*, 960 F.3d 420, 429 (7th Cir. 2020).

Further, the district court acted within its discretion by concluding that the § 3553(a) factors weighed against releasing Crowder early. *See Saunders*, 986 F.3d at 1078. The court commended Crowder for his recent efforts toward rehabilitation, but it permissibly concluded that the circumstances of his offense, his long criminal history, and his gang membership weighed against release, *see* § 3553(a)(1), and that a sentence reduction would undermine the sentencing goals of just punishment and deterrence, *see id.* § 3553(a)(2)(A)–(B).

Finally, Crowder argues that remand is necessary because the court misstated his arrest date by about two months and therefore miscalculated the percentage of his sentence that he had served. But factual inaccuracies require remand only when there is evidence that they affected the court's decision. *See United States v. Pennington*, 908 F.3d 234, 240 (7th Cir. 2018). The court did not take the time remaining on Crowder's sentence into account in its analysis, so we have no reason to believe that the minor discrepancy was relevant to the outcome.

AFFIRMED