In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-1356

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHRISTOPHER BARBEE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:16-cr-00173-1 — **Robert W. Gettleman**, *Judge.*

ARGUED SEPTEMBER 24, 2021 — DECIDED FEBRUARY 11, 2022

Before EASTERBROOK, ROVNER, and KIRSCH, *Circuit Judges*.

ROVNER, *Circuit Judge.* Christopher Barbee sought compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Barbee suffers from Type II diabetes, hypertension and obesity, and is serving his sentence at FCI Pekin, a facility that experienced a large outbreak of COVID-19 infec-

tions around the time that Barbee filed his motions for compassionate release.[1] He argued in his motion that his medical conditions placed him at significant risk of contracting COVID-19 and suffering severe and potentially lethal complications. He also contended that he had used his time in prison productively, completing a drug abuse program, passing two parts of the GED test, and taking classes on topics such as anger management. He conceded that he had one disciplinary incident two years prior to his motion. He had a plan to reside with his mother and cousin upon release, and also intended to seek employment. The district court denied his motion in a brief order stating:

> Applying the factors in § 3553(a), the aggravating factors involving this defendant particularly his extensive criminal history and the nature of the offense, along with the fact that he has served a small portion of his sentence, outweigh any mitigating factors offered by the defendant.

R. 211, at 3. The district judge who denied the motions was the same judge who originally sentenced Barbee and was fully aware of Barbee's criminal history and the facts surrounding his most recent conviction.

On appeal, Barbee complains that the district court's terse explanation was procedurally insufficient to justify denial of his motion and inadequate to allow for meaningful appellate

---

[1]  Barbee filed his first motion for compassionate release *pro se*, on September 15, 2020. Appointed counsel then filed an amended motion on December 18, 2020. To simplify, we will treat these as a single motion.

review. He asks this court to reverse and remand for further proceedings. We review the district court's denial of a motion for compassionate release for abuse of discretion. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Barbee bears the burden of establishing extraordinary and compelling circumstances. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Once an inmate fulfills the exhaustion requirements, a federal court may grant a prisoner's motion for compassionate release if "extraordinary and compelling reasons" warrant release and if the request is consistent with the sentencing considerations reflected in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Newton*, 996 F.3d at 488. The district court's order suggests that it assumed for the purposes of deciding Barbee's motion that his medical condition is serious enough to qualify him for early release but the court declined to exercise its discretion to grant the motion when it considered his medical issues in light of the section 3553(a) factors. Specifically, the court found that Barbee's extensive criminal history, the seriousness of his most recent offense and the relatively small portion of his sentence that he had served outweighed the concerns raised by his health and the COVID-19 pandemic.

In his appeal, Barbee relies largely on *Newton*, where we remanded for further consideration because the district court failed to consider the movant's medical conditions in combination, made an unsupported medical finding, and gave no indication that it had considered the movant's individualized arguments that were supported by the record. Barbee contends that the district court made similar errors here, and that the

court's order is so brief that it does not allow for meaningful review.

We need not decide if Barbee's situation is comparable to Newton's because this appeal is foreclosed by our recent decisions in *United States v. Ugbah*, 4 F.4th 595 (7th Cir. 2021); and *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In those cases, we recognized that COVID-19 was a grave problem in America's prisons at its outset because prisoners and staff cannot engage in social distancing. *Broadfield*, 5 F.4th at 802. Today, however, effective vaccines are available, and counsel informed this court at oral argument that Barbee had received two doses of the Moderna vaccine. At the time we issued our opinion in *Broadfield*, we noted that "published data do not establish or imply an incremental risk for prisoners—either a risk of contracting the disease after vaccination or a risk of a severe outcome if a vaccinated person does contract the disease." 5 F.4th at 802-03. *See also Ugbah*, 4 F.4th at 597 (prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release unless they can demonstrate that they are medically unable to receive or benefit from the available vaccines). Although Barbee contends that he remains at risk as the COVID-19 situation continues to evolve, he has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released. *Newton*, 996 F.3d at 488 (the movant bears the burden of establishing extraordinary and compelling circumstances). Despite any alleged deficiencies in the district court's ruling, "remand would be appropriate only if reconsideration could produce a decision in [Barbee's] favor[.]" *Broadfield*, 5 F.4th at 803. Given the current data and the availability of

safe and effective vaccines, it could not. If circumstances change, Barbee is free to file a new motion.

AFFIRMED.