NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2022*
Decided April 11, 2022

*Before*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2045

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 CR 690 |
| ERIC M. DILL, *Defendant-Appellant*. | John Z. Lee, *Judge*. |

**O R D E R**

Eric Dill sought compassionate release, arguing that he faced increased risks from COVID-19 because of his age and asthma. *See* 18 U.S.C. § 3582(c)(1)(A)(i). He now argues that the district court abused its discretion by not considering his individualized

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

arguments when denying his motion. But the court acted well within its discretion when it denied Dill's motion based on the factors in 18 U.S.C. § 3553(a), so we affirm.

Dill pleaded guilty to four counts of bank robbery arising from a spree during 2017 and 2018 in which he gave bank tellers notes demanding that they quickly hand over untraceable money. The court sentenced Dill to 36 months' imprisonment in March 2020. But the court has granted Dill several extensions on his surrender date so that he could become fully vaccinated against COVID-19—which occurred in July 2021—and to permit him to recover from surgery and receive further medical treatment.

While awaiting his surrender date, which is currently May 26, 2022, Dill moved for compassionate release. He argued that the pandemic and his moderately severe asthma constituted an extraordinary circumstance justifying a sentence reduction to time served. He proposed that the court impose additional supervised release with a condition of 36 months' home confinement. *See* 18 U.S.C. § 3582(c)(1)(A) (authorizing court to impose term of supervised release equal to unserved term of imprisonment). Dill argued that he would likely catch COVID-19 in prison, that his physician believed he faced heightened risks based on his asthma, and that the § 3553(a) factors—specifically, his good conduct while awaiting his surrender date and minimal criminal history before the four robberies—favored compassionate release.

The district court denied Dill's motion. The court noted that the motion could be construed in two ways. First, it could be seen as a motion to change the location of his confinement to his home. On that construction, the court denied the motion because it lacked authority to grant such relief. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Second, the court considered the motion as a request to impose a sentence of time-served with supervised release and an additional condition of home confinement, an option that the court recognized was within its power. Assuming that Dill was requesting the latter relief, the court denied the motion on its merits after concluding that the § 3553(a) factors "stand in the way because [Dill] was just recently sentenced to a 36-month[] term of imprisonment after pleading guilty to four counts of bank robbery under 18 U.S.C. § 2113(a), a serious offense, which he has not yet even begun to serve."

On appeal, Dill first argues that the district court misunderstood his motion as seeking to change his place of imprisonment and thus erred in rejecting it for lack of authority. But the district court's discussion of this possible construction was inconsequential. The court ultimately considered Dill's motion as a motion for

compassionate release, which it expressly recognized it had authority to grant, but it instead denied relief based on the § 3553(a) factors.

On that point, Dill argues that the court's order was procedurally insufficient because it was too short. He insists that remand is necessary here, as in *United States v. Newton*, 996 F.3d 485, 491 (7th Cir. 2021), because the court's order does not assure us that it considered his arguments that his age and asthma were an extraordinary and compelling reason to reduce his sentence. It is doubtful, however, that the concerns Dill identifies would be grounds for a reduction because he is fully vaccinated and there is no evidence that he is unable to benefit from the vaccine. *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

Regardless, the district court appropriately bypassed the eligibility question in favor of deciding that release was inappropriate based on the § 3553(a) factors, even if Dill had presented an extraordinary and compelling reason for a sentence reduction. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022); *Saunders*, 986 F.3d at 1078. Dill argued that his lack of a criminal history, his record on post-conviction release, and his health conditions shifted the § 3553(a) analysis in his favor. But the court reasonably found that Dill's not serving a single day of his 36-month prison term would not reflect the seriousness of the bank robberies he committed. 18 U.S.C. § 3553(a)(2)(A). This was one good reason to deny Dill's motion, and we do not require more. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

AFFIRMED