NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2022[*]
Decided April 26, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-1886

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 CR 446-2 |
| TERRANCE P. DANIELS, *Defendant-Appellant*. | Elaine E. Bucklo, *Judge*. |

**O R D E R**

Eleven years into his sixty-two-year federal sentence, Terrance Daniels moved for compassionate release, citing both the relative length of his sentence under current law and his elevated risk of severe illness from COVID-19. The district court denied the motion, concluding that neither reason was "extraordinary and compelling" under 18

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

U.S.C. § 3582(c)(1)(A)(i), and that the sentencing factors weighed against an early release. Because the court did not abuse its discretion, we affirm.

In 2005, Daniels committed two bank robberies. He and his accomplices held people at gunpoint, accosted tellers, and carjacked an elderly man to flee one scene. A jury found Daniels guilty of two counts of bank robbery under 18 U.S.C. § 2113(a), and two counts of using a firearm in furtherance of a violent crime under 18 U.S.C. § 924(c).

Daniels was sentenced to a total of 751 months' imprisonment. The district court imposed 151 months for the robberies. And because Daniels had a prior conviction from 1989 under § 924(c), his two new convictions under that statute carried mandatory, consecutive terms of 25 years, adding 600 months. 18 U.S.C. §§ 924(c)(1)(C)(i), (D)(ii). We affirmed the convictions. *United States v. Daniels*, 803 F.3d 335, 356 (7th Cir. 2015).

In late 2020, Daniels moved for compassionate release under § 3582(c)(1)(A)(i). He argued that his imprisonment increased his likelihood of contracting COVID-19 and that his medical conditions—such as obesity, hypertension, and sinusitis—increased his risk of severe illness or death. He also argued that his "unusually long" sentence was too punitive, especially because Congress has since restricted "stacking" of § 924(c) sentences, and that his rehabilitation while imprisoned justified his release under the sentencing factors in 18 U.S.C. § 3553(a).

The district court denied Daniels's motion. It found that the prison's medical records demonstrated that he was not obese and that his hypertension was being treated; it further noted that the CDC does not list sinusitis as an elevated risk factor for COVID-19. It also ruled that compassionate-release motions are inappropriate vehicles for challenging the length or legality of a sentence and that the § 3553(a) factors weighed against early release. Daniels has so much time left to serve, the court concluded, that compassionate release would not reflect the seriousness of his crimes or be an adequate deterrent.

Daniels challenges the denial of his motion, again citing his long sentence and his health to justify his release. We review the decision to deny compassionate release for abuse of discretion. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

Daniels first argues that the conduct which led to his predicate § 924(c) conviction would not support a conviction today, so the district court abused its discretion by accepting the "stacking" of Daniels's current mandatory-minimum sentences. *See* First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5222, § 403 (clarifying that

the 25-year enhancement applies only to defendants with a prior, final § 924(c) conviction). But the court rightly concluded that Daniels could not challenge the length of his original sentence via compassionate release. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). That includes resolving whether his prior § 924(c) conviction required stacking his new 25-year sentences.

As for his risk for severe illness from COVID-19, Daniels argues that the court deprived him of due process by ruling on his motion without allowing him to submit evidence about his health conditions. What evidence he would have proffered is unclear: The government introduced a comprehensive health record from the Bureau of Prisons. Leaving aside that a person serving a valid sentence has no liberty interest in early release, *see Felce v. Fielder*, 974 F.2d 1484, 1490 (7th Cir. 1992), Daniels could have submitted evidence with his motion or his response to the government's submission. And district courts need not hold hearings before ruling on compassionate-release motions. *See United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (noting that § 3582(c)(1)(A) "does not mention, much less require, a hearing").

Further, the record demonstrates that Daniels is vaccinated, and he has not demonstrated that his comorbidities nevertheless increase his risk in prison. *See United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). The district court, then, did not abuse its discretion in concluding that Daniels's health did not warrant compassionate release. *United States v. Broadfield*, 5 F.4th 801, 802–03 (7th Cir. 2021).

In any event, the district court determined that the § 3553(a) factors—the severity of Daniels's criminal conduct and the need for adequate deterrence—weighed against reducing his sentence by more than fifty years. Daniels argues that the court failed to give enough weight to his record of rehabilitation, but his good behavior is not extraordinary or compelling, and the court was well within its discretion to weigh other factors more heavily. *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022).

AFFIRMED