**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2022[*]
Decided June 2, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-3019

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-10122 |
| ISRAEL CARL ISBELL, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

## O R D E R

Israel Isbell, a federal inmate, appeals the denial of his compassionate-release motion, which he based on his health conditions and the COVID-19 pandemic, as well as his contention that the Bureau of Prisons permanently relinquished jurisdiction over him after it transferred him to state custody. Because his motion is not the right vehicle

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

for arguing that he was unlawfully returned to federal prison, and the district court's analysis of the factors under 18 U.S.C. § 3553(a) justified denying relief, we affirm.

Isbell—who is serving a 180-month sentence for receiving child pornography, *see* 18 U.S.C. § 2252A(a)(2)(A)—first moved for compassionate release in 2020. *See id.* § 3582(c)(1)(A)(i). He argued that his cerebral palsy increased his chances of severe illness from a COVID-19 infection. The district court denied the motion, noting a lack of evidence that cerebral palsy was a COVID-19 risk factor, and we affirmed. *See United States v. Isbell*, 848 F. App'x 669 (7th Cir. 2021).

Isbell filed a second compassionate-release motion, this time proposing three extraordinary and compelling reasons for release. First, he again argued that his medical conditions—including a new diagnosis of possible hypertension—heighten the danger associated with COVID-19. Second, he alerted the court that, since his first motion, he had twice been infected with COVID-19, which caused "Covid toe" and other ongoing health problems. And third, he asserted that soon after he began serving his federal sentence, he was transferred to Illinois custody to serve a sentence for an unrelated drug conviction, and that a detainer was insufficient to restore federal jurisdiction when he was returned to federal prison to serve the rest of this sentence. Because the transfer to Illinois custody was a "de facto pardon," he argued, there was an extraordinary and compelling reason to release him from his ongoing federal imprisonment. Isbell also urged that the factors under 18 U.S.C. § 3553(a) favored a sentence reduction, arguing that receiving child pornography is a less severe offense than producing or distributing it.

The district court denied Isbell's motion. After concluding that the jurisdictional argument lacked merit, the court ruled that Isbell had not established an extraordinary and compelling reason: He had introduced insufficient evidence to support a hypertension diagnosis, and, in any case, he did not suggest that he could not benefit from the COVID-19 vaccinations he had received. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). The court alternatively concluded that the § 3553(a) factors did not favor release. It explained that Isbell "ha[d] very little respect for the law" based on (1) his criminal history (including theft and multiple drug convictions), (2) the severity of this offense (using peer-to-peer software to access videos of child pornography while on state parole), and (3) his numerous (but minor) prison disciplinary violations.

Isbell moved for reconsideration. He stated that, since filing his motion, he had been formally diagnosed with hypertension and asthma, and the continuing effects of

his prior two infections had further worsened his health. Emphasizing Isbell's vaccination status, the district court declined to alter its decision.

On appeal, Isbell argues that the district court erred in concluding that he did not present an extraordinary and compelling reason for release. Although Isbell has an evolving medical record, and apparently became ill from COVID-19 despite his vaccinations, we cannot say that it was an abuse of discretion for the court to conclude that he had not proved "extraordinary" circumstances. *See United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022).

In any event, the district court adequately explained why release was inappropriate under § 3553(a). *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). Isbell contends that the court placed undue emphasis on his minor prison disciplinary infractions and the seriousness of his offense while undervaluing his rehabilitation. But it is not our role to reweigh the factors on appeal when the district court has reasonably assessed them. *United States v. De La Torre*, 940 F.3d 938, 954 (7th Cir. 2019). Here, the court reasonably concluded that aggravating factors outweighed any rehabilitative progress he may have made in prison. *See United States v. Purnell*, 701 F.3d 1186, 1191 (7th Cir. 2012). It was entitled to find that Isbell's numerous disciplinary infractions showed a lack of respect for the law. And Isbell's view that there are more serious child-exploitation crimes than his did not prevent the court from deciding that his crime was too grievous to justify a shorter sentence.

Finally, we agree with the district court that Isbell's so-called jurisdictional challenge lacks merit. He contends that the federal government "surrendered primary jurisdiction" when he was transferred to state custody, with "only" a federal detainer, and therefore he should not be serving the sentence at all. This, he continues, is an extraordinary and compelling reason to release him from federal prison. But a compassionate-release motion is not the proper vehicle to bring this challenge. Whether we interpret it as disputing the validity of his consecutive sentence, *see* 28 U.S.C. § 2255, or as a contention that the Bureau of Prisons is holding him longer than what the judgment properly authorizes, *see id.* § 2241, he cannot use compassionate release to avoid the requirements and limits on post-conviction relief. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1363 (2022).

We have considered Isbell's other arguments, but none has merit.

AFFIRMED