NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 10, 2022[*]
Decided June 16, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2912

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 772-1 |
| NATHANIEL HOSKINS, *Defendant-Appellant*. | Elaine E. Bucklo, *Judge*. |

**O R D E R**

Nathaniel Hoskins, a federal prisoner serving a life sentence, appeals the denial of his motion for compassionate release, which he based on medical conditions that put him at an elevated risk for severe illness from COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district judge concluded that Hoskins, who is vaccinated, did not

---

[*] We agreed to decide the case without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

show that his medical risk was an "extraordinary and compelling" reason for release, *id.*, and that the sentencing factors weighed against granting relief, *see id.* § 3553(a). We affirm.

Hoskins was "King" of the Imperial Insane Vice Lords, a criminal gang in Chicago. Gang members engaged in drug-trafficking and violence, including murder, at Hoskins's direction. As a result of his gang activities, Hoskins was charged with a racketeering conspiracy, 18 U.S.C. § 1962(d); conspiracy to murder in aid of racketeering, *id.* § 1959(a)(5); using a firearm in furtherance of a crime of violence, *id.* § 924(c)(1)(A); and conspiracy to traffic drugs, 21 U.S.C. § 846. The judge found him guilty of all counts after a bench trial and in May 2016 sentenced him to life in prison, the applicable term under the Sentencing Guidelines. We affirmed. *United States v. King*, 910 F.3d 320, 324 (7th Cir. 2018).

In July 2021 Hoskins moved for compassionate release under § 3582(c)(1)(A)(i). He argued that his age (then 53), diabetes, hypertension, and high cholesterol created a heightened risk of severe illness from COVID-19, and that prison conditions made it likely that he would contract the virus. He also argued that he was substantially rehabilitated and posed no danger to the community; he cited his participation in education and vocational classes, his rehabilitation plan, and a letter from his pastor.

The judge denied Hoskins's motion. She found that Hoskins, who had received two vaccine doses, had not demonstrated that he was unable to benefit from vaccination. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). And regardless, the judge concluded, the sentencing factors, especially the seriousness of his conduct and the "high risk of recidivism," militated against his release. *See* § 3553(a). Hoskins—satisfying the requirements of the prison-mailbox rule, FED. R. APP. P. 4(c)— timely appealed.

Hoskins argues that the judge abused her discretion by concluding that based on his vaccination, his health was not an extraordinary and compelling reason for release. He emphasizes the risk of a breakthrough infection from new COVID-19 variants. We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

The judge reasonably concluded that Hoskins did not meet his burden of establishing extraordinary and compelling reasons for release. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022). We do not take issue with the premise that over time

new variants arise and the efficacy of vaccination might wane. But Hoskins still needed individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population. *United States v. Joiner*, 988 F.3d 993, 995–96 (7th Cir. 2021). By simply listing diagnoses, he has not done so.

Moreover, the judge's analysis of the § 3553(a) factors independently sustains her decision. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). Although Hoskins argues that per *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020), the judge erred by treating the policy statement of U.S.S.G. § 1B1.13 as a categorical bar to relief, the judge did not rely on § 1B1.13 at all. Rather, she discussed the factors under § 3553(a)(2). Hoskins is serving a life sentence—which, the experienced judge noted, was the first she had ever imposed—for "extraordinarily serious" crimes. *See* § 3553(a)(2)(A). And Hoskins took control of the Insane Imperial Vice Lords in his 40s, which the judge reasonably concluded demonstrated a "high risk of recidivism." § 3553(a)(2)(B)–(C). We find no error with the conclusion that without extremely compelling reasons, serving a small fraction of a life sentence for myriad violent crimes would not promote respect for the law.

AFFIRMED