**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1332
_____

UNITED STATES OF AMERICA

v.

LAWRENCE ROOKS,
                                               Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action Nos. 2:21-cr-00038-001 & 2:21-cr-00043-001)
District Judge:  Honorable Chad F. Kenney
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2022

Before:  McKEE, GREENAWAY, JR. and PORTER, Circuit Judges

(Opinion filed: July 27, 2022)
_____

OPINION[*]
_____

PER CURIAM

    Federal prisoner Lawrence Rooks appeals pro se from the District Court's decision

denying his motion for compassionate release filed under 18 U.S.C. § 3582(c)(1)(A).

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The Government has moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In July 2021, the District Court sentenced Rooks to 92 months in prison and four years of supervised release after he pleaded guilty to drug related-offenses in Case No. 2:21-cr-00038-001 and firearm-related offenses in Case No. 2:21-cr-00043-001. About three months later, after exhausting his administrative remedies, he filed in the District Court a pro se motion for compassionate release. In that motion, which the Government opposed, Rooks sought early release so that he could serve as the sole caregiver for his two-year-old son, who was born prematurely and suffers from one or more medical conditions. Rooks's motion also mentioned, in passing, the COVID-19 pandemic.

On January 28, 2022, the District Court denied Rooks's motion, concluding that he had failed to present "extraordinary and compelling reasons" for a sentence reduction. The District Court explained that the record indicated that Porsha Williams (Rooks's ex-wife and the mother of his child) was caring for the child, and that "[i]n the event that Ms. Williams has already or subsequently does abandon responsibility for the child,"[1] "Rooks has several family members who he has also failed to establish are unable to

---

[1] Rooks alleged that Williams was unemployed, and that at some point in time, (1) she was enrolled in a drug-treatment program and (2) the Child Community Umbrella Agency determined that it was in the child's best interests for Rooks to be awarded sole custody. Rooks further alleged that Williams "left the care of the [child] to other relatives." Compassionate-Release Mot. 7.

2

provide care for the child." Dist. Ct. Mem. entered Jan. 28, 2022, at 12 [hereinafter Dist. Ct. Mem.]. The District Court further explained "that the threat of COVID-19, in conjunction with [Rooks's] otherwise unqualifying circumstances, do not so compound his circumstances to the point where they are 'extraordinary and compelling.'" Id. at 14.[2] This timely appeal followed.[3]

## II.

A district court may grant compassionate release if it finds, inter alia, that "extraordinary and compelling reasons" warrant a reduction. See 18 U.S.C. § 3582(c)(1)(A); United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020). We review a district court's denial of compassionate release for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). Under this standard, "we will not disturb the [district] court's determination unless we are left with a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached." Id. (second alteration in original) (internal quotation marks omitted). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

---

[2] The District Court noted that "Rooks contracted COVID-19 in November of 2020, while in custody . . ., but remained asymptomatic and quarantined without any further complications." Dist. Ct. Mem. 14.

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

In this case, the District Court did not abuse its discretion in denying Rooks's compassionate-release motion for failure to show "extraordinary and compelling reasons" for a sentence reduction. Even if we were to assume for the sake of argument that Williams is unable to care for her and Rooks's child, we would find no error in the District Court's conclusion that Rooks's motion cannot prevail because he has failed to establish that certain family members, including his grandmother, his mother, and some of his siblings, are unable to serve as a caregiver for the child.[4] We also find no error in the District Court's determination "that the threat of COVID-19, in conjunction with [Rooks's] otherwise unqualifying circumstances, do not so compound his circumstances to the point where they are 'extraordinary and compelling.'" Dist. Ct. Mem. 14; see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that the "mere existence of COVID-19 in society" is not enough to warrant compassionate release).

Because this appeal does not present a substantial question, we grant the Government's motion to summarily affirm, and we will summarily affirm the District Court's judgment.[5]

---

[4] While Rooks has not filed a response to the Government's motion for summary affirmance, we note that he appears to argue in his brief that the District Court should have contacted his family members to determine their ability to serve as caregivers for his child. But this argument ignores the fact that it was Rooks's burden to show that he was entitled to compassionate release. See, e.g., United States v. Barbee, 25 F.4th 531, 532 (7th Cir. 2022); United States v. Jones, 17 F.4th 371, 375 (2d Cir. 2021) (per curiam).

[5] We also grant the Government's (1) request for leave to file its motion for summary affirmance and (2) request to be excused from filing a brief.