**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided August 31, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-3144

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:16-cr-167-JMS-MJD-02 |
| MAHDI KHELIFI, *Defendant-Appellant*. | Jane Magnus-Stinson, *Judge*. |

**O R D E R**

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Mahdi Khelifi, a federal prisoner, appeals the denial of his motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Because the district court did not abuse its discretion by determining that Khelifi did not present an extraordinary and compelling reason for release, we affirm.

Khelifi was convicted by a jury of five counts relating to his management role in several car-dealership companies: one count of conspiracy to participate in racketeering, *see id*. § 1962(d), one count of conspiracy to commit mail fraud, *see id*. §§ 1341, 1349, two counts of conspiracy to commit wire fraud, *see id*. §§ 1343, 1349, and one count of interstate transportation of stolen property, *see id*. §§ 2, 2314. He was sentenced to 75 months in prison and is housed at Federal Correctional Institution, McKean, in Pennsylvania.

After serving roughly half his sentence, Khelifi sought compassionate release. *See id*. § 3582(c)(1)(A)(i). Khelifi, who believes that he was previously infected with COVID-19, argued that his health would be at risk if he again contracted COVID-19, and that the prison's harsh, restrictive conditions—including lockdowns—have been unduly punitive. Khelifi also urged the court to consider his post-sentencing rehabilitation, the length of time he had already served, and the young age at which he committed his crime (a nonviolent offense).

The judge denied Khelifi's motion without calling for a response from the government. COVID-19 did not present an extraordinary and compelling reason for release, the judge concluded, because Khelifi was fully vaccinated, as were most of his fellow prisoners, and there was no active outbreak of COVID-19 at his prison. The judge acknowledged that the pandemic necessitated difficult and restrictive prison conditions, but she added that such conditions affected all prisoners and could not be characterized as extraordinary. Finally, she explained that any challenge to the prison's handling of the pandemic would have to be made through a civil suit, not a compassionate-release motion. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022).

On appeal Khelifi challenges the judge's ruling, insisting that the pandemic-related restrictions in prison are an extraordinary and compelling reason for release because they "enhanced [the] punitive nature of his sentence." But Khelifi gave the judge no reason to conclude as much. In the district court, he did not support his assumption with individualized evidence, as we have required. *See United States v. Joiner*, 988 F.3d 993, 996 (7th Cir. 2021) ("Without any data or a factual foundation connecting generalized societal disparities in health care susceptibility or outcome to

Joiner's individualized circumstances at Marion (or even federal prisons generally), the district court was not required to discuss Joiner's racial disparity argument."). For the same reason, the judge was right not to accept Khelifi's generalized argument that his prison mishandled the risks of the pandemic.

Khelifi next contends that the judge erred by not considering his other reasons for release—his post-sentencing conduct, his young age at the time of his offense, and the significant time he already has served on his sentence. But because Khelifi did not demonstrate an extraordinary and compelling reason to justify his early release, the judge need not have considered the sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1363 (2022).

AFFIRMED