NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2022[*]
Decided September 15, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

Nos. 21-3335 & 22-1668

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee,* <br><br>     *v.* <br><br> ANDRE W. JACKSON, <br>     *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. <br><br> No. 2:15-cr-00013-JMS-CMM <br><br> Jane Magnus-Stinson, <br> *Judge.* |

## O R D E R

Andre Jackson, a federal prisoner who is diabetic and obese, appeals the denial of his motion for compassionate release based on his heightened vulnerability to

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Because the district court did not abuse its discretion by concluding that Jackson did not establish an extraordinary and compelling reason for release, we affirm.

Jackson sought compassionate release in 2021 during the COVID-19 pandemic, while incarcerated at FCI Gilmer in West Virginia. At the time, he had served less than a third of his 210-month prison sentence for unlawfully possessing a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(e). He argued that he was susceptible to severe illness if he contracted COVID-19 because of his medical conditions (type 2 diabetes, obesity, hypertension, and other unspecified ailments that confine him to a wheelchair) and advanced age (61 at the time of the motion). Although Jackson had been fully vaccinated, he asserted that his medical conditions depressed his immune response, potentially affecting the vaccine's efficacy. He also contended that the sentencing factors under 18 U.S.C. § 3553(a) warranted his release, and he highlighted his time-served; rehabilitation efforts; comprehensive release plan; and need for a wheelchair, which, he suggested, decreased the danger he posed to society.

The district court denied Jackson's motion. The court determined that COVID-19 did not present an extraordinary and compelling reason for Jackson's release because he was fully vaccinated—as were more than 80% of the people incarcerated at his prison—and at the time of decision no prisoner at FCI Gilmer had COVID-19. The court acknowledged that Jackson's diabetes and obesity could make him more susceptible to severe illness from COVID-19 but stressed that the vaccine drastically reduced his risk of serious illness, and Jackson furnished no evidence that he is unable to benefit from the vaccine.

Jackson moved three times for reconsideration, adding new details, including his wife's treatment for cancer and her need for his financial and medical support. The district court denied these motions. Even assuming that Jackson's wife's illness was an extraordinary and compelling reason for release, the court explained that it still would deny relief because the § 3553(a) sentencing factors weighed against his release. In particular, the court referred to the severity of Jackson's crime, his significant criminal record (including at least seven previous felonies, many involving violence), and the substantial time remaining on his sentence.

On appeal Jackson challenges the district court's conclusion that his risk of serious illness from COVID-19 was not an extraordinary and compelling reason for release. But the court reasonably concluded that he did not meet his burden of establishing that his medical risks were extraordinary and compelling. *United States v.*

*Barbee*, 25 F.4th 531, 532 (7th Cir. 2022). Even if immunocompromised individuals might not develop an adequate immune response from vaccination, Jackson still needed to submit evidence suggesting that he is unable to benefit from the vaccine. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *United States v. Joiner*, 988 F.3d 993, 996 (7th Cir. 2021). By only listing diagnoses, he has not done so. Further, the court's additional explanation—noting the absence of active cases at Jackson's prison and the continued efficacy of the vaccine—assures us that it considered Jackson's arguments. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022).

Jackson also challenges the district court's ruling not to grant relief based on his wife's illness. But the court denied relief only after *assuming* that his wife's illness was an extraordinary and compelling reason for release. Paramount to the court's decision was that the § 3553(a) factors, including the nature of his crime and his history of felony convictions, weighed against release. And only one adequate reason is needed to support the judgment. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).

Finally, Jackson contends that release is justified by favorable changes in case law that he thinks should affect his sentence. But our decisions in *United States v. Thacker*, 4 F.4th 569, 575 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1363 (2022), and *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021), foreclose his use of § 3582(c)(1)(A)(i) to pursue that end.

AFFIRMED