NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2022[*]
Decided November 10, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-3045

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-cr-10079-001 |
| JUWAN A. STURDIVANT, *Defendant-Appellant*. | James E. Shadid, *Judge*. |

**O R D E R**

Juwan Sturdivant, a federal prisoner, appeals the denial of his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). He argues that he showed

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

extraordinary and compelling reasons for release and that the district court did not properly weigh the relevant factors under 18 U.S.C. § 3553(a). We affirm.

Sturdivant is serving a 30-year sentence at the Federal Correctional Institution in Butner, North Carolina. Under his 2014 plea agreement, he pleaded guilty to four counts of Hobbs Act robbery, 18 U.S.C. § 1951, and one count of discharging a firearm during and in relation to a crime of violence. *Id*. § 924(c) (2006). In exchange, the government dismissed three other § 924(c) counts (all for discharging a gun). Had he been convicted of all 4, Sturdivant would have faced a minimum consecutive sentence of 85 years' imprisonment for these counts alone (10 years for the first, and 25 years for each subsequent count, all consecutive). *Id*. § 924(c)(1)(C)(i) (2006).

In his January 2021 pro se motion for compassionate release, later supplemented by appointed counsel, Sturdivant presented two reasons for release. First, he asserted that COVID-19 had spread in his prison and that his medical conditions (type 1 diabetes, obesity, hyperlipidemia, and hypertension) made him susceptible to severe illness if he contracted it. Second, he argued that a non-retroactive amendment to § 924(c) under the First Step Act of 2018, limiting when multiple sentences can be "stacked," was a separate extraordinary and compelling reason for release. *See* Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22 (2018). He also argued that the § 3553(a) factors supported release: he noted his young age (18) at the time of the robberies, the fact that nobody was injured, his lack of violent infractions while in prison, and what he believed was an unwarranted disparity between his sentence and a co-defendant's.

The district court denied Sturdivant's motions on October 14, 2021. Given the government's assertion that vaccinations of the inmates at Butner had begun, the court cited *United States v. Broadfield* and concluded that Sturdivant's asserted vulnerability to COVID-19 was not an extraordinary and compelling reason for release. 5 F.4th 801, 803 (7th Cir. 2021). It also highlighted that the prison then had no active inmate cases of COVID-19. The court further concluded that, based on *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 1363 (2022), the non-retroactive change in § 924(c) was not an extraordinary or compelling reason for release. Finally, the court determined that the § 3553(a) factors weighed against release. It emphasized the aggravated nature of Sturdivant's offenses (at each robbery, he had fired a gun in the direction of a store employee), the fact that he was on state "probation" for firearms

offenses at that time, and his (nonviolent) disciplinary infractions in prison.[1] We review the denial of relief for an abuse of discretion. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022).

On appeal, Sturdivant first challenges the district court's conclusion that his elevated risk from COVID-19 is not an extraordinary and compelling reason for release. He argues that there are now inmates in his prison infected with COVID-19. But changed circumstances alone are not enough for the appeal to succeed. First, our review for abuse of discretion is generally limited to the record before the district court at the time it ruled. *See United States v. Howell*, 958 F.3d 589, 595 (7th Cir. 2020). And even if we considered new developments, Sturdivant has not contested that he can receive the vaccine, shown that he is particularly susceptible to COVID-19 even if vaccinated, or suggested that he is at higher risk from COVID-19 in prison than outside prison. *See Barbee*, 25 F.4th at 533.

Sturdivant also argues that the government used the possibility of stacked § 924(c) sentences to coerce him into accepting a guilty plea but could not do so today. The district court correctly concluded that our decision in *Thacker* closed the door on the argument that this non-retroactive change in the law is an extraordinary and compelling reason for release. 4 F.4th at 575.

Finally, the district court's analysis of the § 3553(a) factors independently supports the denial of compassionate release. Sturdivant challenges how the district court weighed the factors, but it needed to give only one adequate reason to deny release. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). Here, it gave three: Sturdivant was under state supervision for a previous firearm offense at the time of the

---

[1] The district court said that Sturdivant was on "probation" when he committed the robberies, but (according to the revised presentence report) Sturdivant was on parole. The government's response to Sturdivant's motion also contained this error. Neither Sturdivant nor his attorney attempted to correct the mistake, but the government notes the error in its appellate brief. Sturdivant does not mention the mistake in his brief. Even if he had, we would not have embraced an argument that he was prejudiced. The district court believed Sturdivant's serious crimes were further aggravated by the fact that he was under state supervision for a previous firearm offense. The nature of that supervision had no apparent bearing on that reasoning. *See United States v. Propst*, 959 F.3d 298, 305 (7th Cir. 2020).

armed robberies, the robberies were aggravated, and he continues to break rules in prison.

AFFIRMED